O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| TOMMY DIAZ,<br><br>              Plaintiff,<br><br>     v.<br><br>MARC AVENT,<br><br>              Defendant. | Case No. 5:16-cv-01861-CAS (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

In accordance with 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation ("R&R") to deny defendant's motion for summary judgment (dkt. 164), defendant's objections to the R&R (dkt. 168), plaintiff's reply to those objections (dkt. 170), and any pertinent records as needed.  The Court has reviewed de novo those identifiable portions of the R&R to which defendant has timely objected, and it concludes that nothing in those objections refutes the material findings and conclusions in the R&R.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  At root, defendant's objections amount to his preferred interpretation of genuinely disputed material facts, his untested claim to superior credibility over plaintiff's, and his blinkered refusal to recognize the reasonable inferences from even the undisputed facts that must—for now—be drawn in plaintiff's favor.

1       In his objections, defendant specifically reiterates three points to argue that, as

2   a matter of law, defendant did not act with deliberate indifference toward plaintiff's

3   hepatitis-C-related medical needs.  First, he argues that undisputed evidence

4   establishes that any delay in plaintiff's anti-viral therapy treatment was not for a

5   nonmedical reason.  Dkt. 168 at 3.  Second, he argues that the purported medical

6   opinions of other medical personnel do not give rise to a genuine dispute of material

7   fact.  Id. at 6.  Finally, he argues that the undisputed facts establish that defendant had

8   a valid medical reason for delaying anti-viral therapy treatment.  Id. at 9.  None of

9   these arguments are availing.

10      In support of his first argument, defendant points to evidence that he requested

11  and authorized medical specialist visits, tests, and procedures for plaintiff, the cost of

12  which exceeded $90,000.  Id. at 4.  According to defendant, this evidence definitively

13  establishes that defendant did not deny plaintiff anti-viral therapy treatment on

14  account of its costing $90,000.  Id.  But defendant overstates the import of this

15  evidence.  Plaintiff testified in his declaration that defendant denied his previously

16  authorized anti-viral therapy, stating, "You are costing the state way too much money

17  for your Hepatitis C treatment."  Dkt. 150 ("Diaz Decl.") at 3.  He further testified

18  that, in denying him the treatment, defendant described himself as "not only a

19  physician for CDCR" but also an "accountant" and "gatekeeper" charged with

20  reducing "wasteful" inmate spending.  Id.  Viewing the record, including this

21  evidence, in the light most favorable to plaintiff, a reasonable jury could conclude

22  that defendant's denial of treatment was motivated by nonmedical, financial

23  concerns, notwithstanding the evidence that expenditures on other care received by

24  plaintiff ultimately exceeded $90,000.  And this conclusion could in turn support a

25  reasonable finding that defendant acted with deliberate indifference toward plaintiff's

26  serious medical needs.  See George v. Sonoma Cnty. Sheriff's Dep't, 732 F. Supp. 2d

27  922, 937 (N.D. Cal. 2010) ("Evidence of an improper or ulterior motive can support a

28  conclusion that a defendant failed to exercise sound medical judgment but instead

1 | acted with a culpable state of mind.").

2 |     Moreover, defendant's objections fail to address the other ulterior motive

3 | plaintiff claims caused the delay in his anti-viral therapy treatment—that is,

4 | defendant's personal animosity toward plaintiff.  See dkt. 63 at 70, 116.  Even if the

5 | evidence that plaintiff's medical expenses exceeded $90,000 definitively establishes

6 | that the delay in his treatment was not caused by the nonmedical concern of financial

7 | costs, it in no way establishes that the delay was not caused by personal animosity.

8 | See R&R at 14.

9 |     In making his second argument, defendant takes issue with the R&R's

10 | discussion of how the delay of plaintiff's anti-viral therapy treatment deviated from

11 | the recommendations and approaches of other physicians.  Dkt. 168 at 6.  He

12 | contends that this analysis is flawed because the other physicians "did not have the

13 | same medical facts or record available to them as [d]efendant at the time of the

14 | matters at issue."  Id. at 8.  Contrary to defendant's assertion, while variation in the

15 | medical facts available to the physicians could potentially support a finding that

16 | defendant exercised sound medical judgment under the circumstances, the impact of

17 | such variation remains a question of fact for the jury to decide.  The R&R does not

18 | construe the other physicians' statements as determinative that defendant showed

19 | deliberate indifference.  Rather, it appropriately finds that this evidence creates a

20 | factual question regarding the appropriateness of care that cannot be decided on

21 | summary judgment as a matter of law.  See R&R at 15-16.

22 |     Finally, defendant contends that the undisputed facts establish as a matter of

23 | law that he did not act with deliberate indifference because he had a medical reason

24 | for delaying plaintiff's anti-viral therapy treatment.  Dkt. 168 at 9.  Specifically, he

25 | argues that "the record is clear that [d]efendant was concerned that the symptoms of

26 | which [p]laintiff complained could have indicated multiple myeloma."  Id.  Contrary

27 | to defendant's assertion, the evidence that defendant provided some medical care to

28 | plaintiff by ruling out myeloma does not establish as a matter of law that he provided

3

1   constitutionally adequate care.  See Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir.

2   2000) (explaining that a plaintiff "need not prove that he was completely denied

3   medical care" to establish an Eighth Amendment violation).  And plaintiff has set

4   forth substantial evidence that defendant failed to provide needed treatment of and

5   testing related to his hepatitis-C, despite plaintiff's many complaints of extreme pain,

6   which he attributed to his hepatitis-C.  See R&R at 4-6.  Furthermore, as plaintiff

7   points out in his response to the objections, even if defendant delayed anti-viral

8   therapy treatment in order to screen for myeloma, that does not explain why the delay

9   lasted for nearly two years.  Dkt. 170 at 10.  Ultimately, it is the role of the jury to

10  weigh this evidence against defendant's evidence that he provided adequate care by

11  delaying anti-viral therapy treatment to rule out myeloma.  See Marable v. Nitchman,

12  511 F.3d 924, 929 (9th Cir. 2007) ("We do not weigh the evidence but only

13  determine whether there is a genuine issue for trial.").

14      Defendant's contention that he is entitled to qualified immunity likewise

15  improperly relies on his preferred interpretation of disputed facts.  As the R&R

16  found, it is well settled law in the Ninth Circuit that a delay in providing necessary

17  hepatitis-C treatment to patients in prison constitutes a violation of the Eighth

18  Amendment.  See Tatum v. Winslow, 122 F. App'x 309, 312 (9th Cir. 2005).

19  Defendant's assertion that the delay was medically justified in this case rests on an

20  interpretation of the evidence in the light most favorable to defendant.  As explained

21  above and in the R&R, interpreting the evidence in this manner is inappropriate at the

22  summary judgment stage.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

23  475 U.S. 574, 587 (1986) ("[T]he inferences to be drawn from the underlying facts . .

24  . must be viewed in the light most favorable to the party opposing the motion.")

25  (citation omitted).

26      With respect to defendant's argument on harm, the Court declines in its

27  discretion to consider arguments raised for the first time only in defendant's

28  objections.  See United States v. Howell, 231 F.3d 615, 621–23 (9th Cir. 2000).

4

1  Likewise, the Court declines defendant's invitation to "receive further evidence" in

2  the form of "medical records that would definitively provide explanations to the

3  concerns raised by the Magistrate Judge." (ECF 168 at 19).  Defendant offers no

4  valid (much less credible) reason why he did not present such "definitive[]" evidence

5  when moving for summary judgment—as it was his legal burden, if not in his

6  litigation interests, to do.  *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477

7  U.S. 317, 323 (1986).  Besides, if such records existed, defendant should have

8  produced that evidence to plaintiff during discovery rather than allude to it for the

9  first time in his objections to an unfavorable R&R.  Objections to an R&R "are not a

10  vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL

11  3386595, at *1 (D. Mont. Oct. 14, 2009).

12       In any event, requiring "a district court to consider evidence not previously

13  presented to the magistrate judge would effectively nullify the magistrate judge's

14  consideration of the matter and would not help to relieve the workload of the district

15  court." *Howell*, 231 F.3d at 622.  "Equally important, requiring the district court to

16  hear evidence not previously presented to the magistrate judge might encourage

17  sandbagging," that is, letting litigants "wait to see which way the wind was blowing,

18  and—having received an unfavorable recommendation—shift gears before the district

19  judge." *Id.* (cleaned up).  Both these considerations cut decisively against

20  defendant's misguided request for a summary judgment do-over.

21       THEREFORE, IT IS ORDERED THAT defendant's motion for summary

22  judgment be DENIED for the reasons stated in the R&R.  IT IS FURTHER

23  ORDERED THAT the referral of this matter to the assigned Magistrate Judge under

24  General Order 05-07 be VACATED.

25       IT IS SO ORDERED.

26  Dated:  May ___2___, 2023

27                                          HON. CHRISTINA A. SNYDER
                                           UNITED STATES  DISTRICT JUDGE

28

5